# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| **MOMS FOR LIBERTY – YOLO COUNTY , ET AL. ,** <br> Plaintiff, <br> vs. <br> **YOLO COUNTY , ET AL. ,** <br> Defendants. | 2:23–CV–02802–WBS–CKD <br><br> ORDER RE: STATUS (PRETRIAL SCHEDULING) CONFERENCE |

----oo0oo----

This action has been assigned to the undersigned judge. **Failure to comply with the requirements enumerated in this Order may result in sanctions.** Pursuant to the provisions of Federal Rule of Civil Procedure 16, IT IS ORDERED that:

1. A Status (Pretrial Scheduling) Conference is set for 4/8/24 at 1:30 p.m. before the undersigned judge in COURTROOM: 5 . At least twenty-one (21) calendar days before the scheduling conference is held, the parties shall confer and attempt to agree upon a discovery plan, as required by Federal Rule of Civil Procedure 26(f).

2. Pursuant to Local Rule 240, the parties shall submit to the court a <u>JOINT</u> Status Report **fourteen (14) calendar days** prior to the hearing date, which shall contain:

   (a) a brief summary of the claims;

   (b) a statement as to the status of service upon all defendants and cross defendants;

   (c) a statement as to the possible joinder of additional parties;

   (d) any contemplated amendments to the pleadings;

   (e) the statutory basis of jurisdiction and venue;

   (f) a written report outlining the proposed discovery plan required by Federal Rule of Civil Procedure 26(f);

   (g) a proposed cut-off date by which all discovery shall be concluded;

   (h) a proposed date by which all motions shall be filed and heard;

   (i) any proposed modification of standard pretrial proceedings due to the special nature of the action;

   (j) the estimated length of trial;

   (k) a statement as to whether the case is related to any other case, including any matters in bankruptcy;

   (l) any other matters discussed in Local Rule 240 that may add to the just and expeditious disposition of this matter; and

   (m) a statement by any nongovernmental corporate party identifying all of its parent and subsidiary corporations and listing any publicly held company that owns 10% or more of the party's stock.  If any nongovernmental corporate party has no parent or subsidiary corporations or no publicly held companies owning

10% or more of its stock, it shall so state in the Joint Status Report.  Thereafter, if there is any change in the information, the party shall file and serve a supplemental statement within a reasonable time after such change occurs.  **Failure to comply with the requirements of this subpart will result in the Joint Status Report being stricken and <u>sanctions being ordered against any nongovernmental corporate party that did not submit its corporate disclosures.</u>**

    The court has an obligation to recuse itself from any case in which the judge might have a "financial interest," however small. 28 U.S.C. § 455(b)(4).  The purpose of the corporate disclosure requirement in subpart (m) of this Order is to assist the court in carrying out this obligation, because corporate parties are in the best position to identify their parent and subsidiary corporations. Without this information, the court risks retaining a case in which it unknowingly has a financial interest.  As a consequence, not only would the undersigned judge face public criticism, the public's confidence in an impartial judiciary would be eroded. Failure to assist the court in protecting these and the other interests advanced by § 455(b)(4)--especially in the face of a clear and direct request from the court--amounts to sanctionable conduct.

    The requirement that corporate disclosures be included in the parties' Joint Status Report does not negate a nongovernmental corporate party's obligation to file a disclosure statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court" pursuant to Federal Rule of Civil Procedure 7.1.

/////

3. Concurrently with the service of process, or as soon thereafter as possible, plaintiff shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this Order, and shall file with the clerk a certificate reflecting such service.

4. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall immediately following such removal, serve upon each of the other parties and upon all parties subsequently joined a copy of this Order, and shall file with the clerk a certificate reflecting such service.

5. All parties to the action shall appear by counsel (or in person if acting without counsel).  A FAILURE TO APPEAR AT THE APPROPRIATE TIME WILL BE TREATED AS A FAILURE TO APPEAR AND MAY SUBJECT COUNSEL TO SANCTIONS.

6. The parties shall include a statement in their Joint Status Report advising whether they prefer to appear at a status conference or are satisfied to have the court issue a Status (Pretrial Scheduling) Order based on their Joint Status Report.  In appropriate cases, and after receiving the parties' Joint Status Report, the court may issue a Status (Pretrial Scheduling) Order without requiring a status conference.  Unless the parties have received such an order prior to the status conference, the parties are required to attend the status conference as scheduled.

DATE:   December 13, 2023

                          WILLIAM B. SHUBB
                          SENIOR UNITED STATES DISTRICT JUDGE

                by:    /s/  O. Clemente Licea
                         Deputy Clerk